IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV573-03-W
(3:06CR391-W)

| | |
|---|---|
| CLARENCE ADAMS,<br>　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | )<br>)<br>)<br>)　　**MEMORANDUM AND**<br>)　　　　　**ORDER**<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed December 11, 2008 (Doc. No 1). For the reasons stated herein, Petitioner's motion will be denied.

## I. PROCEDURAL HISTORY

On September 28, 2006 Petitioner and eight others were Indicted on multiple drug charges (Case No. 3:06cr391, Doc. No. 1.) On January 23, 2007, a written plea agreement was filed in which Petitioner agreed to pled guilty to Count Thirteen, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Id., Doc. No. 72.) By the terms of the Plea Agreement, the parties stipulated that the amount of cocaine that was known to or reasonably foreseeable by the defendant was at least 2 kilograms but less than 3.5 kilograms; that the defendant should not receive any reduction/enhancement pursuant to USSG § 3B1.1; that either party may seek a departure from the "applicable guideline range;" and that the Government would recommend the appropriate level of reduction for acceptance of responsibility pursuant to USSG § 3E1.1. (Id.)

1

On January 30, 2007, Petitioner appeared before the Court for a Plea and Rule 11 Hearing. (Case No. 3:06cr391, Doc. No. 83.) At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. Id. After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea. Id. On November 5, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which the Court concluded that there was a factual basis supporting Petitioner's guilty plea. (Id., Doc. No. 163, Transcript of Sentencing Hearing at 4.) In addition, Petitioner affirmed that counsel had reviewed the presentence report ("PSR") with him, and he understood the contents of such report. (Id. at 5.) The Probation Officer recommended a two-level enhancement pursuant to USSG § 2D1.1(b)(1) due to the fact that a Smith and Wesson .357 revolver was found in Petitioner's bedroom after agents searched his residence on August 1, 2006. The Court sentenced Petitioner to 115 months in accordance with the calculations outlined in the Presentence Report ("PSR").

Petitioner did not file a direct appeal in the Fourth Circuit Court of Appeals. Instead, Petitioner filed the instant motion on December 11, 2008 in which he contends that his counsel was ineffective at sentencing for failing to object to the Probation Officers recommendation for a two-level enhancement pursuant to USSG § 2D1.1(b)(1).

## II. ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction,

exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

A. Ineffective Assistance of Counsel

By his motion, Petitioner alleges that he was subjected to ineffective assistance of counsel in that his counsel was ineffective at sentencing by failing to object to the two-level enhancement for the gun found in Petitioner's bedroom during a search of his home on August 1, 2006.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional

3

dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra).  Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31).  Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).  The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977));  accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

4

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure. However, in an abundance of caution, the Court will consider Petitioner's claim notwithstanding this failure.

Petitioner argues that his counsel was ineffective for failing to object to the two-level enhancement based on the gun agents found in Petitioner's bedroom after they searched his home on August 1, 2006. Petitioner contends that the house actually belonged to his uncle and co-defendant, Tyrone Falls, and that he did not have anything in the room where the gun was found that linked him to the weapon. Petitioner contends that counsel should have made the Court aware of these facts and he should have challenged the enhancement. However, the Court notes that Petitioner does not contend that he made counsel aware of these facts so that counsel had a basis to challenge the enhancement or that he asked counsel to challenge the enhancement. In fact, Petitioner stated to the undersigned that he had seen and read the PSR which included the recommendation for the two-level enhancement, understood the PSR and had the opportunity to review it with counsel. Indeed, Petitioner stated that his counsel had answered all of his questions regarding the report. (Case No. 3:06cr391, Doc. No. 163, Transcript of Sentencing Hearing at 5.) Moreover, when the undersigned gave Petitioner the opportunity to address the Court, Petitioner did not mention the gun enhancement. (Id. at 9-10.)

United States Sentencing Guideline § 2D1.1(b)(1) provides for a two-level sentence enhancement "[i]f a dangerous weapon was possessed during commission of the offense [unless]

5

it is clearly improbable that the weapon was connected with the offense." According to the PSR, Petitioner's residence was searched just after Petitioner was arrested following a drug deal. It was determined that co-defendant Tyrone Montez Falls was renting the house for Petitioner and co-defendant McKinney. Agents located a gun in a bedroom identified as Petitioner's bedroom. (PSR ¶ 27.) A money-counting machine was also found in the closet of the same bedroom. (Id.) The Court notes that according to the PSR, Petitioner told co-defendant Duff on July 22, 2006 that he had just purchased a money counter from Sam's Club. (Id. at ¶ 23.) Two hats were found in an otherwise empty room and inside each hat was a large amount of powder cocaine with total weight of approximately one and a quarter kilograms. Agents also located another quarter kilogram of powder cocaine in a plastic bag in a kitchen cabinet. Petitioner's girlfriend also occupied the residence where the gun was found. (Id. at ¶ 27.)

Petitioner has not established that his counsel was deficient for falling to object to the two-level gun enhancement. First, Petitioner does not contend that but for the two-level enhancement, he would not have pled guilty. Next, Petitioner fails to allege that he ever told his counsel about his concerns about the gun located "in his uncle's home" even after having read and understood the PSR or otherwise given counsel any facts which would have supported an objection to the gun enhancement. Finally, even taking all of Petitioner's allegations as true, the decision whether to apply the dangerous weapon enhancement is within the broad discretion of the trial court, United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997), and based on this record and taking into account Petitioner's argument, the undersigned would have denied an objection to the two-level enhancement pursuant to USSG § 2D1.1(b)(1). Therefore, Petitioner has not established either prong of the Strickland test and his ineffective assistance of counsel

claim must fail.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside **or Correct Sentence pursuant** 28 U.S.C. §2255 (document no. 1) is hereby **DENIED**.

**SO ORDERED.**

Signed: December 17, 2008

Frank D. Whitney
United States District Judge