IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-167-FDW
(3:06-cr-391-FDW-1)

| | |
|---|---|
| CLARENCE ANTWAINE ADAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On November 28, 2007, Petitioner was convicted on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to 115 months' imprisonment. (3:06-cr-391: Doc. 127: Judgment in a Criminal Case). Petitioner did not file a direct appeal from this criminal judgment.

On December 11, 2008, Petitioner filed a Section 2255 motion to vacate alleging ineffective assistance of counsel. (3:08-cv-573-FDW). This motion was denied and dismissed by Order entered on December 17, 2008, and Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. In a per curiam decision, the Court dismissed his appeal. United States v. Adams, No. 09-8061 (4th Cir. Jan. 22, 2010) (unpublished).

On March 14, 2013, Petitioner returned to this Court with a second motion under Section 2255 in which he contends he is entitled to relief based on recent decisions from the Supreme Court of the United States: Missouri v. Frye, 132 S.Ct. 1399 (2012 and Lafler v. Cooper, 132 S.Ct. 1376 (2012). Petitioner argues that the Supreme Court announced a new rule of law in these cases, namely, that the Sixth Amendment entitles a defendant to effective assistance of counsel during the plea bargaining process, and this new rule is retroactive to cases on collateral review. (3:13-cv-167, Doc. No. 1).[1]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

It appears from the present Section 2255 motion that Petitioner is mindful of the prohibition against filing a second, or successive Section 2255 motion. However, in the event Petitioner is motioning for permission from this Court to file a second or successive petition, his effort must fail. As noted above, such authorization must be granted by the appropriate court of appeals, in this case, the Fourth Circuit Court of Appeals. As Petitioner has already filed one

---

[1] Even if this § 2255 motion were not successive, courts have widely held that decisions in Frye and Lafler are not retroactive to cases on collateral review because they did not announce a new rule of constitutional law. See, e.g., In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case of In re Perez).

2

unsuccessful § 2255 motion and he has not demonstrated that he has secured the necessary authorization to initiate a successive Section 2255 proceeding, the Court is without jurisdiction to consider the merits of this present motion and it will be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Frank D. Whitney
United States District Judge